United States District Court
Southern District of Texas
**ENTERED**
August 10, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DeSHOAUN GREEN, § <br> (TDCJ # 02083848) § <br> § <br> *Petitioner,* § <br> § <br> v. § <br> § <br> BOBBY LUMPKIN, Director, Texas § <br> Department of Criminal Justice— § <br> Correctional Institutions Division, § <br> § <br> *Respondent.* § | | CIVIL ACTION NO. H-23-2319 |

## MEMORANDUM OPINION AND ORDER

Petitioner DeShoaun Green, (TDCJ #02083848), is a state prisoner currently incarcerated at the Estelle Unit of the Texas Department of Criminal Justice—Correctional Institutions Division. He filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging the result of a disciplinary proceeding. (Dkt. 1). At the Court's request, Green also filed a more definite statement of his claims. (Dkt. 7). After reviewing the pleadings as required under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that Green's petition must be dismissed for the reasons explained below.

### I.   BACKGROUND

Green is currently serving a 61-year sentence for manufacture and delivery of

a controlled substance in a drug-free zone and a 15-year sentence for evading arrest or detention with a previous conviction. (Dkt. 7, p. 1). In his current petition, Green does not challenge either of these convictions or sentences; instead, he challenges the results of a disciplinary proceeding that was conducted at the Estelle Unit on June 17, 2022, in Case Number 20220169290. (Dkt. 1, p. 1). As a result of his conviction in that proceeding, Green lost 45 days of recreation time, 46 days of commissary, 106 days of previously earned good-time credit, and he was reduced in class from L2 to L3. (Dkt. 7, p. 2). Green alleges that he appealed the disciplinary conviction through TDCJ's two-step administrative grievance procedure, but he was not provided with any relief. (Dkt. 1, pp. 2-3). He alleges that the disciplinary conviction was based on insufficient evidence, and he asks this Court to reverse the conviction and its sanctions and expunge it from his records. (Dkt. 1, pp. 5, 15).

## II.   DISCUSSION

The federal writ of habeas corpus is an extraordinary remedy that does not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3), 2254(a); *Brecht v. Abrahamson,* 507 U.S. 619, 633-34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, 'a bulwark against convictions that violate fundamental fairness'" (quoting *Engle v. Isaac*, 456 U.S. 107, 126 (1982))). In the context of a prison disciplinary proceeding, a prisoner's

right to relief under habeas corpus is governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell,* 418 U.S. 539, 557 (1974). But the Due Process Clause protects a prisoner charged with a prison rules violation *only* when the disciplinary proceeding could result in a sanction that will infringe on a constitutionally protected liberty interest. *See Sandin v. Conner,* 515 U.S. 472, 484 (1995).

Liberty interests may arise under either the Constitution or state law. *See Kentucky Dep't of Corr. v. Thompson,* 490 U.S. 454, 460 (1989). Under the Constitution, a convicted prisoner has a protected liberty interest to be free from conditions of confinement that "present a dramatic departure from the basic conditions of [the prisoner's] sentence." *Sandin,* 515 U.S. at 485. However, the Constitution does not create a protected liberty interest in any expectation of release before the expiration of a valid sentence. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex,* 442 U.S. 1, 7 (1979). Likewise, the Constitution does not create a protected liberty interest in good-time credits for satisfactory behavior. *Wolff,* 418 U.S. at 557; *Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997).

State laws may also create protected interests; but the Supreme Court has held that only those state-created substantive interests which "inevitably affect the duration of [a prisoner's] sentence" qualify for constitutional protection under the Due Process Clause. *Sandin,* 515 U.S. at 487; *see also Orellana v. Kyle,* 65 F.3d 29,

3

31-32 (5th Cir. 1995). In Texas, only those prisoners eligible for release to mandatory supervision have a constitutional expectancy of early release and thus a protected liberty interest in the good-time credits that they have earned. *See Malchi v. Thaler,* 211 F.3d 953, 957-58 (5th Cir. 2000) (addressing the mandatory supervision scheme in place prior to September 1, 1996); *see also Teague v. Quarterman,* 482 F.3d 769, 776-77 (5th Cir. 2007) (addressing the mandatory supervision scheme in place before and after September 1, 1996).

### A.  Green's Loss of Privileges

As a result of the disciplinary proceedings, Green lost 45 days of recreation time, 46 days of commissary privileges, and was reduced in line-class status from L2 to L3. None of these sanctions implicate a liberty interest of the sort protected by the Due Process Clause because that clause does not protect against sanctions that are "merely changes in the conditions of [a prisoner's] confinement." *Madison,* 104 F.3d at 768. Limitations imposed on commissary or recreation privileges are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *See id.*; *see also Sandin,* 515 U.S. at 485-86. In addition, a reduction in a prisoner's line-class status and its potential impact on the prisoner's ability to earn good-time credit are not protected by the Due Process Clause. *See Malchi,* 211 F.3d at 958; *Luken v. Scott,* 71 F.3d 192, 193 (5th Cir. 1995) (per curiam) (holding that the "mere opportunity" to earn good-time credits

does not constitute a cognizable liberty interest). Because these sanctions do not implicate a protected liberty interest, Green is not entitled to habeas corpus relief based on these forms of punishment.

### B. Green's Loss of Good-Time Credits

Green also lost 106 days of previously earned good-time credit as a result of the disciplinary proceedings. But this loss does not constitute a due process violation because, as Green acknowledges, he is not eligible for release to mandatory supervision. (Dkt. 7, p. 1).

Publicly available records show that Green was previously convicted of aggravated robbery under Texas Penal Code § 29.03. *See* Offender Search, available at https://inmate.tdcj.texas.gove/InmateSearch/ (last visited Aug. 9, 2023). Even though Green is not currently incarcerated on this conviction, this conviction makes him ineligible for release to mandatory supervision under Texas law. *See* TEX. GOV'T CODE § 508.149(a)(12) (explaining that "[a]n inmate may not be released to mandatory supervision if the inmate is serving a sentence for *or has been previously convicted of* . . . a first degree felony under [Texas Penal Code §] 29.03") (emphasis added). Therefore, the forfeiture of Green's previously earned good-time credits does not implicate a protected liberty interest that would support finding that his constitutional rights have been violated. *See Malchi*, 211 F.3d at 957-58; *Madison*, 104 F.3d at 768-69.

5

Further, to the extent that Green may contend that the loss of his previously earned good-time credits affects his eligibility for parole, he is not entitled to relief because the Texas parole statutes do not confer a liberty interest on prisoners. *See Madison*, 104 F.3d at 768; *Orellana*, 65 F.3d at 32 (noting that a prisoner has no liberty interest in obtaining parole in Texas). In the absence of such a protected liberty interest, the forfeiture of these credits does not state a cognizable claim for federal habeas relief.

Because Green cannot show that the disciplinary proceedings violated his rights under the Due Process Clause, he is not entitled to the relief he seeks in his petition. His petition for federal habeas relief must be denied.

## III. <u>CERTIFICATE OF APPEALABILITY</u>

Habeas corpus actions under § 2254 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. To be entitled to a certificate of appealability, the petitioner must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004) (quoting *Slack*

*v. McDaniel*, 529 U.S. 473, 484 (2000)). The petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336 (quoting *Slack*, 529 U.S. at 484). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

Because Green has not shown that reasonable jurists would find the Court's resolution of the constitutional issues debatable or wrong, this Court will not issue a certificate of appealability.

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. Green's petition for writ of habeas corpus, (Dkt. 1), is **DENIED** with prejudice.

2. Any other pending motions are **DENIED** as moot.

3. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this Order to the petitioner.

SIGNED at Houston, Texas, on _____Aug 10_____, 2023.

DAVID HITTNER
UNITED STATES DISTRICT JUDGE